IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| QUAN M. LACY, <br> TDCJ No. 2233501, <br>     Petitioner, <br><br> v. <br><br> J. SMITH, <br><br>     Respondent. | § § § § § § § § § § § § | Civil Action No. 7:21-cv-00068-O-BP <br> (Consolidated with Civil Action No. 7:21-cv-00125-O) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Quan Lacy's two Petitions for a Writ of Habeas Corpus, filed separately in the above-captioned case. Because the Court lacks jurisdiction and the Petitions are time-barred, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** both Petitions **with prejudice**.

**I.    BACKGROUND**

On two occasions in 2018, Lacy committed the state crime of arson, to which he pleaded guilty and for which he received separate judgments of conviction. No. 7:21-cv-00068-O-BP, ECF No. 12-2 at 73-76. For the first conviction, the 30th Judicial District Court of Wichita County, Texas sentenced Lacy to eight years; for the second, twelve months. *Id.* The sentences were set to run concurrently beginning November 9, 2018, the date of the judgments. *Id.* Lacy did not file any appeal. *Id.*, ECF No. 1 at 3; No. 7:21-cv-00125-O, ECF No. 1 at 3. Today, he remains imprisoned within the Texas Department of Criminal Justice ("TDCJ"). *See Inmate Information Details: Lacy, Quan Montrell*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05410894 (last visited Feb. 21, 2022).

In 2021 Lacy unsuccessfully sought post-conviction relief from the second arson conviction in state court. *See Ex parte Lacy*, No. WR-92,435-02 (Tex. Crim. App. Nov. 17, 2021), *available at* https://search.txcourts.gov/Case.aspx?cn=WR-92,435-02&coa=coscca (dismissing as moot); *Ex parte Lacy*, No. WR-92,435-01 (Tex. Crim. App. June 2, 2021), *available at* https://search.txcourts.gov/Case.aspx?cn=WR-92,435-01&coa=coscca (denying without written order). Next, he filed the instant habeas petitions under 28 U.S.C. § 2254 in August and December 2021, respectively. No. 7:21-cv-00068-O-BP, ECF No. 1; No. 7:21-cv-00125-O, ECF No. 1. The first petition requests relief from both arson convictions, while his second requests relief from the second conviction only. Both petitions claim ineffective assistance of counsel as a ground for relief. The second petition adds that Lacy has not received diligent participation credits for which he is eligible.

Because Lacy's petitions involve common questions of law and fact, Judge O'Connor consolidated the two civil actions under Federal Rule of Civil Procedure 42(a). No. 7:21-cv-00068-O-BP, ECF No. 14; No. 7:21-cv-00125-O, ECF No. 5. Per Judge O'Connor's order of referral, this now-consolidated action is before the undersigned for findings and a recommendation.

## II.   LEGAL STANDARDS

### A.   Subject-Matter Jurisdiction

The "district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphases added). The "in custody" requirement is jurisdictional: "Federal district courts do not have jurisdiction to entertain [§] 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*,

888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488 (1989)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction [that] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.") (internal citation omitted).

The petitioner does not satisfy this jurisdictional requirement if he files a petition challenging a conviction for which his sentence already has expired or been discharged. *Hendrix*, 888 F.2d at 338; *see also Romero v. Davis*, 813 F. App'x 930, 932 (5th Cir. 2020) ("State prisoners seeking federal habeas relief must be in custody for the conviction or sentence under attack at the time habeas relief is sought."). Such an improperly filed petition should be dismissed with prejudice. *Hendrix*, 888 F.2d at 337-38 (affirming dismissal with prejudice); *see also Garza v. Stephens*, No. M-15-230, 2016 WL 1622612, at *2 (S.D. Tex. Mar. 28, 2016) (recommending dismissal with prejudice), *rec. adopted*, 2016 WL 1629361 (S.D. Tex. Apr. 22, 2016).

### B. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations, with the limitations period running from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute of limitations is an affirmative defense, which the Court may raise *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). While the Court

should caution against applying this defense too harshly, imposing it helps prevent abuse of the writ. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

The limitations period may be tolled statutorily or equitably. *Id.* (discussing equitable tolling); 28 U.S.C. § 2244(d)(2) (providing for statutory tolling). A time-barred petition should be dismissed with prejudice. *Kiser*, 163 F.3d at 329 (affirming dismissal with prejudice); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (*sua sponte* applying the statute of limitations in modifying a district court's dismissal without prejudice into one made with prejudice).

### III.   ANALYSIS

####   A.   Lacy does not qualify for relief stated in part of the first petition and all of his second petition.

Lacy does not qualify for relief to the extent he challenges his second arson conviction because he does not satisfy the "in custody" requirement. *See* 28 U.S.C. § 2254(a). His first petition partially challenges, and his second petition exclusively challenges, the second arson conviction. No. 7:21-cv-00068-O-BP, ECF No. 1 at 2; No. 7:21-cv-00125-O, ECF No. 1 at 2. For this second conviction, the state court imposed a twelve-month sentence running concurrently with the sentence in the first conviction, with both sentences beginning November 9, 2018. No. 7:21-cv-00068-O-BP, ECF No. 12-2 at 73-76. Lacy thus discharged his sentence for the second conviction by November 2019, meaning he was not "in custody" for that conviction when he filed the instant petitions in 2021. *See Hendrix*, 888 F.2d at 338; *see also Inmate Information Details: Lacy, Quan Montrell*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05410894 (last visited Feb. 21, 2022) (showing the November 2018 sentencing date and sentence lengths for both convictions); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute). Lacy even acknowledged upon filing his second

petition that he "has completed his state jail sentence" for the second arson conviction. No. 7:21-cv-00125-O, ECF No. 2 at 3.

As Lacy does not meet the jurisdictional "in custody" requirement for challenging his second arson conviction, the Court lacks power to review his petitions to the extent they challenge that conviction. *See Kokkonen*, 511 U.S. at 377. This conclusion holds even though Lacy remains in TDCJ custody serving the longer sentence for his first arson conviction. *See Romero*, 813 F. App'x at 932 (examining concurrent sentences); *Mendiola v. Stephens*, No. cv-1:14-261, 2016 WL 1104854, at *3 (S.D. Tex. Feb. 23, 2016) ("When a prisoner is serving concurrent sentences and the shorter sentence has expired – but the prisoner is still incarcerated for the longer sentence – the prisoner is no longer considered to be in custody for the expired sentence."), *rec. adopted*, 2016 WL 1090238 (S.D. Tex. Mar. 21, 2016). Because Lacy's second petition exclusively challenges the second arson conviction, the Court should dismiss it entirely with prejudice. *Hendrix*, 888 F.2d at 337-38; *Garza*, 2016 WL 1622612, at *2. Because his first petition partially challenges the second conviction, the Court should partially dismiss it with prejudice for the same reason.

**B.     The statute of limitations bars both of Lacy's petitions.**

*Sua sponte* applying the affirmative defense of limitations is proper where the respondent has not waived it and where the petitioner received notice of the defense and an opportunity to contest it. *Lewis v. Cockrell*, 33 F. App'x 704, 2002 WL 432658, at *2 & n.2 (5th Cir. Mar. 5, 2002) (citing *Kiser*, 163 F.3d at 329); *see also Scott*, 227 F.3d at 263. Respondent has not waived the defense, but rather filed a Preliminary Response in October 2021 claiming the statute of limitations precludes Lacy from challenging either of his arson convictions, effectively placing Lacy on notice. *See* No. 7:21-cv-00068-O-BP, ECF No. 11 at 6-12. Lacy received further notice and an opportunity to contest the defense because the Court authorized him to reply to the Preliminary Response within twenty days of its filing. *Id.*, ECF No. 5 at 2. Noting Lacy did not

5

timely file a reply, the Court later ordered him to reply by December 17, 2021. *Id.*, ECF No. 13. To date, Lacy still has not replied. Accordingly, the Court may *sua sponte* dismiss his petitions if they are time-barred. *Kiser*, 163 F.3d at 329. The record before the Court reveals they are.

Section 2244(d)(1)(A)'s final-judgment date is the most common date from which the limitations period runs. *Sanders v. Smith*, No. 3:19-cv-00730-S-BT, 2021 WL 621432, at *2 (N.D. Tex. Jan. 19, 2021), *rec. adopted*, 2021 WL 616998 (N.D. Tex. Feb. 16, 2021). Given that Lacy did not appeal either of his judgments of conviction (*see* No. 7:21-cv-00068-O-BP, ECF No. 1 at 3; No. 7:21-cv-00125-O, ECF No. 1 at 3), these judgments became "final" under § 2244(d)(1)(A) when the time to appeal them expired. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In Texas, that time is thirty days following the sentencing date. *See Scott*, 227 F.3d at 262 (citing and applying Tex. R. App. P. 26.2(a)). Lacy received his sentence for both convictions when he pleaded guilty on November 9, 2018. No. 7:21-cv-00068-O-BP, ECF No. 12-2 at 73-76. His convictions thus became final on December 9, 2018.

The statute of limitations under § 2244(d)(1)(A) ran a year later in December 2019, rendering both of Lacy's federal habeas petitions filed in 2021 time-barred, unless he can show a favorable outcome under § 2244(d)(1)(B)-(D) or via statutory or equitable tolling. None of these exceptions is availing. There is no indication State action impeded Lacy from filing his petitions. *See* 28 U.S.C. § 2244(d)(1)(B). And Lacy identifies no legal authorities establishing his claims—ineffective assistance of counsel and denial of diligent participation credits—arise from "newly recognized" constitutional rights "made retroactively applicable" by the United States Supreme Court. *See id.* § 2244(d)(1)(C).

The factual-predicate date under § 2244(d)(1)(D) contemplates when the petitioner has notice of facts supporting his claims, not when he possesses evidence of those facts. *In re Young*,

789 F.3d 518, 528 (5th Cir. 2015). Further, the proper date is "when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered." *Lowrey v. Davis*, No. 6:16-cv-058-C, 2019 WL 10092447, at *6 (N.D. Tex. Jan. 15, 2019) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)). For Lacy's ineffective assistance claim, the record does not support a factual-predicate date later than November 2018, when the trial court entered the judgments of conviction.

In both petitions, Lacy alleges his attorney improperly assessed his competency to plead guilty by overlooking Lacy's "obvious mental health issues" and failing to "bring them to the attention of the Court." No. 7:21-cv-00068-O-BP, ECF No. 2 at 2-5; No. 7:21-cv-00125-O, ECF No. 2 at 1-2. His first petition adds that his attorney, before advising him to plead guilty, insufficiently investigated the case and inadequately communicated the consequences of entering a guilty plea. No. 7:21-cv-00068-O-BP, ECF No. 2 at 5-6. Through exercising due diligence, Lacy would have notice of facts supporting these contentions by the time he entered his guilty pleas in November 2018. *See Sanders*, 2021 WL 621432, at *2 ("The factual predicate of his ineffective assistance of counsel claims . . . were known to him at the time he entered his guilty pleas on January 20, 2011, at the latest.").

This includes facts about his own mental health issues. *See Huckaby v. Davis*, No. 4:16-cv-896-A, 2017 WL 6622551, at *4 (N.D. Tex. Dec. 27, 2017) ("Clearly, petitioner was well aware of his mental health issues, as was his trial counsel, prior to [pleading guilty at] his trial, yet petitioner took no action whatsoever to challenge his conviction for more than three years, and he offers no reason for his delay."). He would also know whether his attorney directed the state court's attention to his alleged health issues. For example, Lacy appeared with his attorney during the guilty plea hearing in 2018 when, on the record, his attorney told the Court he thought Lacy was

7

competent to plead guilty. No. 7:21-cv-00068-O-BP, ECF No. 12-2 at 84. And Lacy personally would know the extent to which his attorney communicated to him the consequences of entering a guilty plea.

Lacy need not have notice of all relevant facts before the limitations period begins running under § 2244(d)(1)(D). *See Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016) ("[If] new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)."), *rec. adopted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim."). Moreover, Lacy alleges no facts suggesting a later factual-predicate date applies to his ineffective assistance claims. No. 7:21-cv-00068-O-BP, ECF Nos. 1-2; No. 7:21-cv-00125-O, ECF Nos. 1-2. He asserts § 2244(d) does not bar his claims by writing "N/A" where prompted in his first petition, but he provides no explanation for that assertion. No. 7:21-cv-00068-O-BP, ECF No. 1 at 9. It thus remains unclear why Lacy waited until 2021 to assert his ineffective assistance claims. *See Huckaby*, 2017 WL 6622551, at *4 ("[I]naction is incompatible with a finding of due diligence."). Consequently, these claims are time-barred even under § 2244(d)(1)(D).

The diligent participation credit claim Lacy asserts only in his second petition suffers from similar infirmities because he does not identify the applicable factual-predicate date. *See* No. 7:21-cv-00125-O, ECF Nos. 1 at 6, 2 at 3. Even so, this habeas claim is without merit. To state a claim, Lacy must assert a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

8

§ 2254(a); *see Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir.), *opinion supplemented on denial of reh'g*, 996 F.2d 770 (5th Cir. 1993). "[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). But "[g]ood-time credits are statutory liberty interests once they have been awarded." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001) (citing *Wolff*, 418 U.S. 539). After receiving credits, then, a Texas petitioner may assert a cognizable § 2254 claim if, for example, TDCJ later deprives him of those credits without due process of law. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000); *Brantley v. Lumpkin*, No. 4:20-cv-1373-P, 2021 WL 1933425, at *1 (N.D. Tex. Apr. 23, 2021) (citing *Malchi*, 211 F.3d at 959) ("In Texas, only disciplinary proceedings resulting in the loss of good time credits for inmates who are eligible for release on mandatory supervision implicate protected constitutional rights.").

The diligent participation credits Lacy references are a type of good-time credit. *See generally* TEX. DEP'T OF CRIM. JUST., OFFENDER ORIENTATION HANDBOOK 9 (Feb. 2017), https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf (explaining TDCJ diligent participation credit program, under which an offender's sentencing judge "is not required to" but "may credit up to 20% of the offender's sentence" for days the offender spent completing an educational, vocational, or treatment program.). Lacy recognizes "he has not received" the diligent participation credits for which he feels eligible, and he does not identify any disciplinary proceedings that resulted in him losing such credits. No. 7:21-cv-00125-O, ECF No. 2 at 3. Because the Constitution does not otherwise entitle Lacy to the credits, *see Wolff*, 418 U.S. at 557, the second petition's diligent participation credit claim is incognizable under § 2254, if not also time-barred under § 2244. *See Lowery*, 988 F.2d at 1367.

Finally, neither statutory nor equitable tolling rescues Lacy's untimely petitions. Subsection (d)(2) of 28 U.S.C. § 2244 provides for statutory tolling: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As mentioned, Lacy filed two post-conviction state habeas petitions in 2021. But because he filed them after the one-year limitations period had already run in 2019, § 2244(d)(2) does not apply here. *See Scott*, 227 F.3d at 263 ("[Petitioner's] state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott*, 227 F.3d at 263).

Equitable tolling applies only "in extraordinary circumstances," *Fisher*, 174 F.3d at 713 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)), "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner carries the burden of proving the circumstances warrant equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He must show "(1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Lacy does not carry his burden. As discussed, Lacy does not explain why he waited until 2021 to challenge his convictions, and he has not replied to Respondent's Preliminary Response despite Court orders directing him to do so. Missing from the record are any facts showing Lacy acted with reasonable diligence in pursuing these claims, that

Respondent actively misled him about his claims, or that any extraordinary circumstances frustrated timely filing.

Because the limitations period has run and Lacy's petitions do not warrant statutory or equitable tolling, the Court should dismiss both time-barred petitions with prejudice. *See Kiser*, 163 F.3d at 329. The Court should dismiss the first petition with prejudice even though it appears to assert, as Respondent notes, partially unexhausted claims. *See* 28 U.S.C. § 2254(b)-(c) (generally requiring exhaustion of State-court administrative remedies before a federal court may grant a habeas petition); No. 7:21-cv-00068-O-BP, ECF No. 11 at 12-14. "A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). *But see* 28 U.S.C. § 2254(b)(2) (stating that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). This Court equates dismissing a time-barred petition with denying the petition "on the merits" under § 2254(b)(2). *See, e.g.*, *Jackson v. Dir., Tex. Dep't of Crim. Just., Corr. Insts. Div.*, No. 3:20-cv-3429-B-BH, 2021 WL 3396720, at *2 n.2 (N.D. Tex. July 16, 2021), *rec. adopted*, 2021 WL 3372208 (N.D. Tex. Aug. 3, 2021). The Court should thus dismiss all of Lacy's first petition, as well as his second one, with prejudice.

## IV.   CONCLUSION

Because Lacy's petitions are time-barred, and because Lacy does not qualify for relief on the second arson sentence that he has discharged, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** the petitions filed in this consolidated action **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 22, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE